## Supreme Court—General Term—Second Department.

*July*, 1885.

## PEOPLE *v.* KELLY.

DEMURRER—BETTING AT RACE-COURSES—INDICTMENT.

A bet at a legally authorized race-course is illegal.

Defendants jointly indicted, by demurring to the indictment admit the charge to be true, and thereby waive the objection that they should be individually instead of jointly charged.

An indictment may charge the offense in the language of the statute defining it.

When the act complained of may constitute different offenses, such offenses may be charged in separate counts of the indictment.

APPEAL by James E. Kelly, defendant, from a judgment of conviction entered, December 1, 1884, upon a demurrer in the Court of Sessions of the County of Kings, Hon. HENRY A. MOORE, presiding.

Defendant was jointly indicted with two others under section 351 of the Penal Code, as appears more fully in the opinion of the court, and demurred to the indictment upon the grounds :

First. That the facts stated in the said indictment and each of the counts thereof do not constitute a crime ; Second. That more than one crime is charged in the indictment and each count thereof, within the meaning of §§ 278, 279, of the Code of Criminal Procedure; Third. That neither count of the indictment conforms substantially to the requirements of §§ 275 and 276 of the Code of Criminal Procedure.

This demurrer being disallowed by the court, defendants refused to plead to the indictment, and the court made orders finding, adjudging and declaring that the defendants were guilty of the offense charged, and that they stand convicted of said offense.

From this judgment of conviction defendant appealed to this court.

*Wm. C. De Witt* and *Jerry A. Wernberg*, attorneys for defendant, appellant.

*James W. Ridgeway*, district attorney (*Almet F. Jenks*, assistant), for the people, respondent.

BARNARD, P. J.—Section 351 of the Penal Code makes either of three things criminal. If a person keep or occupy a place with the requisite things to record bets, or if a person in fact does record bets, or if an owner or occupant of premises knowingly permits the same to be used for these purposes, such acts are made misdemeanors. The indictment charges that the defendants did each of these things. One count charges that they kept the place for the forbidden purposes. One charges them with actually recording the bets, and one with knowingly permitting the premises to be used for that purpose. The defendants, by their demurrer, admit the charges to be true. Such is the legal rule of pleading. The inference of law destroys the point taken that the defendants should be individually charged with the offense. They all did the acts charged, and if two or more may keep premises for illegal purposes or do an illegal act in any case, the grand jury may indict the joint wrong-doers together. If the acts were not joint but several, the people would fail to convict upon a trial and plea of not guilty.

VOL. III.—18

There is also no force in the objection that the Coney Island Jockey Club is an incorporation to improve the breed of horses, and that therefore everybody may legally bet on the result of their races.

The acts charged are not charged to have been done by this corporation, but at the course at Sheepshead Bay in Kings county. It would not he legal if such acts were done by the defendants representing the corporation. The case of Harris *v.* White (81 *N. Y.* 532), does not so hold. A corporation may give premiums or prizes to be won by superiority in speed or endurance, when it is incorporated for such a purpose. The words " bets or wagers " are not similar in meaning to the words " purses, prizes or premiums ;" each party to the former, say the Court of Appeals, in that case, " gets a chance to gain from others and takes a risk of loss of his own to them." The court upon this distinction cites with approval, People *v.* Sargeant, 8 *Conn.* 139, holding that illegal gaming implies gain and loss, between the parties by betting, such as could excite a spirit of cupidity.

A bet at a legally authorized race-course is illegal. Ruckman *v.* Pitcher, 1 *N. Y.* 392.

The indictment charges a crime. The offense is statutory, and an indictment which avers the offense as the statute defines it, is sufficient. Phelps *v.* People, 77 *N. Y.* 324; Pickett *v.* People, 8 *Hun.*

The separate counts charging the three offenses of section 351, Penal Code was proper. When the doing of any one of several things constitutes an indictable offense, an indictment may in a single count group them together, and charge the accused with having committed them all, and a conviction may be had on proof of the commission of any one of the acts charged, without proof as to the others. Bork *v.* People, 91 *N. Y.* 5; 1 *N. Y. Crim. Rep.* 379. If a single count would be good, then by section 279, Code Criminal Procedure, it may be charged in separate counts, and when the acts complained of may constitute different crimes, such crime may be charged in separate counts.

The conviction should be affirmed.

DYKMAN, J., concurs.